PROB 12C
(6/16)

Report Date: October 6, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Rachel Rosetta Thompson | Case Number: 0980 2:25CR00145-MKD-1 |
| Address of Offender: ▓▓▓▓▓▓▓▓▓▓ Spokane, Washington 99216 | |

Name of Sentencing Judicial Officer:  The Honorable John A. Houston, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: May 1, 2024

| | | | |
|---|---|---|---|
| Original Offense: | Transportation of Certain Aliens and Aiding and Abetting, 8 U.S.C. § 1324(a)(1)(A)(ii),(v)(II) | | |
| Original Sentence: | Prison - 30 days<br>TSR - 36 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: May 1, 2024 | |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: April 30, 2027 | |

### PETITIONING THE COURT

To issue a **warrant**

On April 9, 2024, a U.S. probation officer met with the offender and reviewed the judgment and conditions of supervision. The offender signed the judgment acknowledging her understanding of the conditions. The offender was provided a copy as signed and reviewed.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2**: After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed. |
| | **Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on August 29, and September 24, 2025, by failing to report to probation as directed. |
| | On August 28, 2025, the undersigned left a voicemail for Ms. Thompson directing her to report to the Spokane probation office on August 29, 2025, for a urinalysis drug test. On August 29, 2025, a U.S. probation officer contacted Ms. Thompson to provided clarification and to provide an update to the reporting instructions. Ultimately Ms. Thompson failed to report as directed on August 29, 2025. |

Prob12C
**Re: Thompson, Rachel Rosetta**
**October 6, 2025**
**Page 2**

On September 23, 2025, the undersigned attempted to contact Ms. Thompson by telephone. However, an automated message advised her number was "not accepting calls at this time." The undersigned proceeded to send a text message with reporting instructions to report to the Spokane probation office on September 24, 2025. The message was marked as delivered shortly after sending.

On September 24, 2025, Ms. Thompson failed to report to the Spokane probation office as instructed. The undersigned proceeded to attempt to contact Ms. Thompson at her residence but there was no answer at the door. A neighbor advised the undersigned he did not believe Ms. Thompson was home at the time. This neighbor agreed to pass a message to Ms. Thompson to contact the undersigned as soon as possible; a business card was provided. The undersigned also placed a business card on Ms. Thompson's front door. At the time of this report, the undersigned has not received any communication from Ms. Thompson.

2   **Special Condition #1**: Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about September 16 and 23, 2025, by failing to attend a scheduled substance abuse assessment appointment at Pioneer Human Services (PHS).

On September 12, 2025, Ms. Thompson advised the undersigned via text message that her next appointment at PHS was scheduled for "this Tuesday @ 9am," indicating September 16, 2025, as her next appointment date.

On September 16, 2025, the undersigned received a message from treatment staff at PHS advising that Ms. Thompson had missed her appointment for an assessment on that date.

On September 29, 2025, the undersigned received another message from treatement staff at PHS advising that Ms. Thompson again missed an assessment appointment on September 23, 2025.

3   **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about August 26, 2025, by consuming methamphetamine, as evidenced by a signed drug use admission form.

On September 2, 2025, Ms. Thompson reported to the Spokane probation office and submitted to a urinalysis drug test (UA). The UA tested presumptive positive for methamphetamine. When confronted about the results, Ms. Thompson admitted to the undersigned she had used methamphetamine on or about August 26, 2025. She signed a drug use admission form attesting to such.

Prob12C
**Re: Thompson, Rachel Rosetta**
**October 6, 2025**
**Page 3**

| | | |
|---|---|---|
| 4 | **Standard Condition #4:** | The defendant must answer truthfully the questions asked by their probation officer. |

**Supporting Evidence:** Ms. Thompson allegedly violated the above-stated condition on or about September 2, 2025, by lying to a U.S. probation officer when asked about illicit substance use.

On September 2, 2025, Ms. Thompson reported to the Spokane probation office and submitted to UA testing. The UA resulted in a presumptive positive for alcohol and methamphetamine. When Ms. Thompson was questioned about the results and any substance use, she denied any use of illegal prohibited substances. Ms. Thompson signed a drug use denial form attesting to this denial. Later this same date the undersigned met with Ms. Thompson and again questioned her about the UA results and any substance use. Ms. Thompson ultimately admitted to the use of methamphetamine. She further admitted to knowingly lying about this use when questioned by the U.S. probation officer that had assisted with the UA.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  10/06/2025

s/Nicolas Olson

Nicolas Olson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violations contained in this petition
      with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

M. K. Dimke

Signature of Judicial Officer

October 7, 2025
Date