PROB 12C
(6/16)

Report Date: December 19, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rachel Rosetta Thompson            Case Number: 0980 2:25CR00145-MKD-1

Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓▓ Spokane, Washington

Name of Sentencing Judicial Officer: The Honorable John A. Houston, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: May 1, 2024

| | | |
|---|---|---|
| Original Offense: | Transportation of Certain Aliens and Aiding and Abetting, 8 U.S.C. § 1324(a)(1)(A)(ii),(v)(II) | |
| Original Sentence: | Prison - 30 days; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Earl A. Hicks | Date Supervision Commenced: May 1, 2024 |
| Defense Attorney: | Nathan Poston | Date Supervision Expires: April 30, 2027 |

## PETITIONING THE COURT

To **issue a summons** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 10/06/2025.

The probation officer believes that the offender has violated the following condition(s) of supervision:

On May 9, 2024, Ms. Thompson's conditions of supervised release were reviewed by the probation officer and she signed said conditions acknowledging an understanding of her conditions.

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Mandatory Condition # 3**: The defendant must not illegally possess a controlled substance The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court. |
| | **Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 2 and 14, 2025, by consuming methamphetamine. |
| | On December 2, 2025, Ms. Thompson reported to the Spokane probation office and a sweat patch was applied to Ms. Thompson's left arm as a form of drug testing. This patch was applied by the undersigned in accordance with manufacture's instructions. Ms. Thompson |

returned to the Spokane office and the sweat patch was removed in accordance with the manufacture's instructions and sent to the national testing lab.

On December 12, 2025, the national testing lab returned results showing positive for methamphetamine.

On December 18, 2025, the undersigned officer met with Ms. Thompson in the Spokane probation office. When discussing recent drug use and the plan to collect a urine sample for testing, Ms. Thompson asked to not be tested and reported she "fucked up". Upon further inquiry from the undersigned officer, Ms. Thompson admitted to using methamphetamine on or about Sunday, December 14, 2025, as a way to cope with stress in her life. She willingly signed a drug use admission form waiving urinalysis testing and attesting to methamphetamine use on December 14, 2025. Ms. Thompson denied any other use since her release from jail on November 13, 2025.

6     **Standard Condition # 2**: After initially reporting to the probation office, the defendant will receive instruction from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

**Standard Condition # 4**: The defendant must answer truthfully the questions asked by their probation officer.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 11 and 12, 2025, by failing to report to the Spokane probation office as instructed by a U.S. probation officer (USPO) and by lying about having reported.

On December 11, 2025, a probation officer contacted Ms. Thompson by phone and instructed her to report to the Spokane office by 4 p.m. that date. Ms. Thompson stated she understood.

On December 12, 2025, the probation officer documented that Ms. Thompson failed to report as directed on the previous date and again contacted her by phone. This time the officer was only able to leave a voicemail as Ms. Thompson did not answer the call. The message instructed Ms. Thompson to report to the Spokane office by 11:30 a.m. that date. According to documentation from the probation officer, Ms. Thompson again failed to report as directed.

On December 18, 2025, the undersigned officer spoke with Ms. Thompson about these alleged failures to report. She reported that on December 11, 2025, she reported between 4 p.m. and 5 p.m. due to other obligations and that she did not get the message to report on December 12, 2025. The undersigned checked chronological entries and office check-in logs from both dates. There is no record of Ms. Thompson reporting to the office on either date.

7     **Special Condition # 1**: Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in and amount to be determined by the probation officer, based on ability to pay.

Prob12C
**Re: Thompson, Rachel Rosetta**
December 19, 2025
Page 3

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 1 and 2, 2025, by tampering with the urinalysis process by flushing her system with excess fluids.

On December 1 and 2, 2025, Ms. Thompson reported to the Spokane probation office and submitted to a urinalysis drug test. The urine sample was noted to appear diluted in appearance and was sent to the national testing lab for confirmation testing. On December 2, 2025, the undersigned asked Ms. Thompson about the appearance of the sample; she admitted to drinking lots of water in an attempt to flush alcohol from her system as she was uncertain if she was permitted to consume such substance. The undersigned reviewed the conditions of supervision and drug testing instructions with Ms. Thompson. The undersigned further explained that while the alcohol consumption was not a violation, tampering with the drug testing process is.

On December 3, 2025, the national testing lab returned results on the urine samples tested, confirming a dilute specimen.

The U.S. Probation Office respectfully recommends the Court issue a summons and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   12/19/2025

s/Nicolas Olson

Nicolas Olson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

M. K. Dimke

Signature of Judicial Officer

December 22, 2025

Date