PROB 12C
(6/16)

Report Date: January 12, 2026

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2026

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rachel Rosetta Thompson          Case Number: 0980 2:25CR00145-MKD-1

Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Spokane, Washington

Name of Sentencing Judicial Officer: The Honorable John A. Houston, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: May 1, 2024

| | | |
|---|---|---|
| Original Offense: | Transportation of Certain Aliens and Aiding and Abetting, 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) | |
| Original Sentence: | Prison - 30 days<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Earl A. Hicks | Date Supervision Commenced: May 1, 2024 |
| Defense Attorney: | Nathan Poston | Date Supervision Expires: April 30, 2027 |

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 10/06/2025 and 12/19/2025.

On May 9, 2024, Ms. Thompson's conditions of supervised release were reviewed by the probation officer and she signed said conditions acknowledging an understanding of her conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 29, 2025, and January 1, 2026, by committing new local crimes.<br><br>According to Spokane Police infraction 5A0964245, Ms. Thompson was cited on December 29, 2025, for driving while using a personal electronic device, driving without a valid driver's licence, and driving without valid insurance.<br><br>Also, according to Washington State Patrol (WSP) infraction T00072088, Ms. Thompson was again cited on January 1, 2026, for driving without a valid driver's licence. In an affidavit attached to the infraction, the WSP trooper reported Ms. Thompson stated she had been cited for this "the other day." |

Prob12C  
Re: Thompson, Rachel Rosetta  
January 12, 2026  
Page 2

On January 9, 2026, Ms. Thompson admitted to the undersigned that she had driven her brother's car to the U.S. Probation Office on that date. She further admitted she did not have a valid Washington State driver's licence.

This alleged conduct constitutes a traffic infraction by Washington State law.

9 **Mandatory Condition #3**: The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. Testing requirements will not exceed submission of more than four drug testes per month during the term of supervision, unless otherwise ordered by the Court.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 20, 2025, and January 6, 2026, by consuming methamphetamine.

On December 23, 2025, Ms. Thompson submitted to urinalysis (UA) testing at the probation office. The urine sample provided tested presumptive positive for methamphetamine and was sent to the national testing lab (NTL) for confirmation testing. On January 2, 2026, the NTL returned a confirmed positive result for methamphetamine and amphetamine. On January 9, 2026, the undersigned questioned Ms. Thompson about the results and she admitted to using methamphetamine on or about December 20, 2025.

On January 9, 2026, Ms. Thompson again submitted to UA testing at the probation office. Yet again the UA resulted in a presumptive positive for amphetamine and methamphetamine. When confronted with these results, Ms. Thompson admitted to using methamphetamine on or about January 6, 2026.

10 **Standard Condition # 4:** The defendant must answer truthfully the questions asked by their probation officer.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on January 9, 2026, by failing to be truthful when questioned by the undersigned officer.

On January 9, 2026, the undersigned officer met with Ms. Thompson in the U.S. Probation Office. During that meeting Ms. Thompson was asked about how she had gotten to the office that date. Initially, she reported her daughter had brought her to the office, however, upon continued questioning to confirm this information Ms. Thompson admitted she had lied and had in fact driven herself to the office.

11 **Standard Condition #2**: After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about January 8, 2026, by failing to report to the Spokane probation office as directed.

On January 7, 2026, Ms. Thompson reported to the probation office approximately 1 hour later then instructed. The undersigned advised Ms. Thompson that due to her tardiness she would need to report the next day, on January 8, 2026. Ms. Thompson was again provided

this reporting instruction by another probation officer after failing to provide a urine sample for drug testing.

On January 8, 2026, Ms. Thompson failed to report as directed. When the undersigned contacted her near the end of business hours to inquire about her whereabouts, Ms. Thompson admitted to failing to report as previously directed. She further reported she would not be able to report on this date due to the time.

On January 9, 2026, the undersigned met with Ms. Thompson in the probation office. During this meeting, Ms. Thompson was asked about her failure to report. She admitted to "avoiding" the undersigned because she had used methamphetamine and did not want to get into any more trouble.

12       **Standard Condition #9**: If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about January 3, 2026, by failing to report a traffic stop to the undersigned.

On January 1, 2026, Ms. Thompson was stopped by a WSP trooper and cited for driving without a valid license. Ms. Thompson failed to report this contact and subsequent infraction to the undersigned officer within 72 hours.

13       **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Thompson allegedly violated the above-stated condition on or about December 31, 2025, and January 7, 8, and 9, 2026, by interfering with the urinalysis testing process.

On August 28, 2025, the undersigned met with Ms. Thompson and reviewed the Eastern District of Washington's substance abuse testing instructions. In part, these instructions state "failure to report for testing may be considered a positive urinalysis;" "inability or unwillingness to provide a urine sample may result in revocation proceedings;" and "you are not to alter the sample either directly or indirectly." Ms. Thompson signed these instructions indicating her understanding and acceptance of such.

On November 19, 2025, Ms. Thompson was placed on phase UA testing. It was explained to Ms. Thompson that she was to call into a UA testing hotline each day and report to Pioneer Human Services (PHS) for testing if her assigned color (Brown 1) was called.

On December 31. 2025, PHS called for testing of Brown 1. According to the PHS testing roster, Ms. Thompson failed to report for UA testing on this date.

On January 7, 2026, Ms. Thompson was directed to report to the probation office for UA testing. After showing up approximately 1 hour late, Ms. Thompson failed to provide a urine sample before the end of business hours. Ms. Thompson was instructed to report back on January 8, 2026, for testing.

Prob12C
**Re: Thompson, Rachel Rosetta**
**January 12, 2026**
Page 4

On January 8, 2026, Ms. Thompson failed to report for testing as previously directed.

On January 9, 2026, Ms. Thompson submitted to UA testing at the probation office. The urine sample submitted by Ms. Thompson appeared diluted and was very clear in appearance. When confronted about the appearance of the sample, Ms. Thompson eventually admitted to attempting to "flush" her system by consuming large quantities of fluids prior to providing a sample.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/12/2026

s/Nicolas Olson

Nicolas Olson
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violations contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

M. K. Dimke

Signature of Judicial Officer

January 13, 2026
Date